| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

Melvin H Gilbert, §
§
      Plaintiffs, §
§
versus §    Civil Action H-14-1586
§
Carolyn W. Colvin, §
§
      Defendant. §

## Opinion on Summary Judgment

1.    *Introduction.*

The question in this case is whether substantial evidence supports the commissioner's decision that Melvin Gilbert is not disabled under the Social Security Act. It does.

2.    *Standard of Review.*

Judicial review is limited to determining whether there is substantial evidence in the record as a whole to support the commissioner's decision.[1] In cases of administrative-agency decisions like this, the function of judicial review is to ensure that the bureau employed an process that is in essence fair. Courts invalidate not those decisions with which it might disagree, but those where governmental regularity has lapsed into an exercise of mere will.

A decision unsupported by substantial evidence must fail. It means a level of proof that a reasonable mind might accept as adequate support of a conclusion. This court may not independently weigh the evidence, try issues afresh, or substitute its judgment for that of the secretary.

---

[1] *See* Richardson v. Perales, 402 U.S. 389 (1971).

3. *The Statutory Criteria.*

The law establishes a two-part test for determining disability. First, the claimant must suffer from a medically determinable impairment – physical or mental – that can be expected to last for at least twelve continuous months.[2] Second, the impairment must be so severe that the claimant is unable to engage in substantial gainful activity.

4. *Background.*

Gilbert says that he has been disabled since October 2, 2009, because of diabetes mellitus, lower-back pain, a history of heart attack, gastroesophageal-reflux disease and hypertension. He is also obese and suffers from a knee disorder, sponylosis of the lumbar spine, depression, and anxiety.

Gilbert's impairments, however, do not significantly limit his ability to do work-related activities and therefore, are not severe impairments. The severity of his mental impairments, considered singly and in combination, do not meet or medically equal the criteria required for disability. In activities of daily living, Gilbert has mild restrictions and is able to take care of his hygiene, prepare meals, perform household chores and yard work, shop, drive, and manage his finances. He can lift, carry, or push 20 pounds occasionally, and he can lift 10 pounds frequently. He can also occasionally climb ramps and stairs.

In social functions, Gilbert has moderate difficulty, but is able to spend time with others even though he suffers from anger and mood swings. He has mild difficulty with concentration, persistence, and pace keeping. Gilbert, however, does not have medically documented history of a chronic affective disorder of at least two years duration that has caused more than a minimal limitation of ability to do basic work.

Gilbert has not requested emergency medical treatment or hospitalization for symptoms associated with his unstable glucose levels. He also only takes over-the-counter medication for his back pains. Although he did have a heart attack in 2005, cardiac catherization was done, and the evidence does not show that he needed a cardiac-stent placement. Gilbert also denies any chest pain. An x-ray of the chest in 2010 showed only borderline cardiomegaly.

---

[2] 42 U.S.C. § 423(d)(I)(A).

5.  *Application.*

The commissioner's decision to deny Gilbert's claim for benefits is supported by substantial evidence. His diabetes, back pain, history or heart attack, gastroesophageal reflux disease and hypertension do not prevent him from working. Gilbert has the residual functional capacity to perform light work, restricted to detailed work at a non-forced pace, with unscheduled breaks for one hour, two to three times per month.

In March 2011, the VA issued a decision indicating that Gilbert had a 90 percent disability rating, but the Social Security Administration and Department of Veterans Affairs have different criteria for determining ones disability. No treating or examining physician has opined that Gilbert is disabled.

6.  *Conclusion.*

The commissioner's decision to deny Melvin Gilbert's claim for benefits is supported by substantial evidence and will be affirmed.

Signed on August 21, 2015, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge